IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DONALD IVAN McCRAY, )
 )
      Plaintiff, )
 )
v. ) 1:06CV1002
 )
ORANGE COUNTY JAIL and )
DETENTION OFFICER PATSEY )
ROBERTS, )
 )
      Defendants. )

**MEMORANDUM OPINION AND ORDER**

**Sharp, Magistrate Judge**

    Plaintiff Donald Ivan McCray, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, complaining that Detention Officer Patsey Roberts of the Orange County Jail violated his constitutional rights by twice opening legal mail addressed to him outside his presence. As Defendants, Plaintiff named Detention Officer Roberts and the Orange County Jail. Defendants have answered the complaint and filed a motion to dismiss. (Pleading No. 13.) Plaintiff McCray responded in opposition to the motion to dismiss, and Defendants have filed a reply. The motion to dismiss is ready for a ruling.[1]

---

[1] The parties consented to the trial jurisdiction of the United States Magistrate Judge, and the case was referred to the undersigned for all proceedings, including the entry of judgment. *See* 28 U.S.C. § 636(c).

In his complaint, Plaintiff McCray describes two separate occasions on which he alleges that Defendant Roberts opened, outside his presence, legal mail addressed to him. After the first incident on or about December 12, 2005, Plaintiff wrote a grievance. The grievance was returned to him and Plaintiff, according to his responsive argument, spoke with an officer and was told that the "situation was solved." (Pleading No. 27, Pl.'s Br. in Supp. of Resp. at 2.) Plaintiff alleges that his legal mail was again opened outside his presence on December 30, 2005. He wrote another grievance. (*Id.*) Defendant Roberts responded in writing to the grievance. She stated that she had accidentally opened Plaintiff's legal mail. She said that she had Plaintiff's mail in a stack and was "snipping off" the ends. When she started to pull the letter out of the envelope, she noted that the paper was of business quality; she slid the letter back into its envelope unread. Defendant Roberts recorded that she and Officer Lankford had gone to Plaintiff's cell and explained what had happened. Defendant Roberts apologized to Plaintiff and told him she would document what had taken place. (Pleading No. 2, Complaint ("Compl."), Attach.)

Defendants have moved to dismiss the *pro se* complaint on two grounds: (1) lack of full exhaustion of administrative remedies, and (2) failure to state a claim upon which relief may be granted. For reasons that follow, the Court concludes that both arguments by Defendants are well-taken, and that this action should be dismissed with prejudice.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner seeking to file a section 1983 claim regarding prison conditions must first fully exhaust "such administrative remedies as are

-2-

Case 1:06-cv-01002-PTS   Document 31   Filed 11/20/07   Page 2 of 4

available . . ." In the case at bar, Plaintiff wrote in his second grievance that "I must move forward on holding someone accountable for this." (Compl., Attach.) He received a written response which included both an explanation and an apology. In his *pro se* complaint to this Court, Plaintiff states that "an apology is just not enough." (Compl. at 3.) The record is clear, however, that Plaintiff failed to pursue his second grievance in the manner prescribed by the Orange County Jail Grievance Policy. *See* Pleading No. 15, Albert Pendergrass Aff. ¶¶ 5-6 and Ex. A. He had further grievance steps available to him if he believed that the initial response to his grievance was insufficient.

A prisoner must exhaust his administrative remedies before bringing a section 1983 action regardless of whether the prisoner may ultimately obtain the relief sought through whatever the particular administrative system provides. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Plaintiff McCray has failed to exhaust administrative remedies, and therefore his claim must be dismissed on that ground.

In addition, Plaintiff's complaint cannot survive Defendants' Rule 12(b)(6) challenge. It is well settled that isolated instances of opening a prisoner's legal mail outside the prisoner's presence, "without any evidence of improper motive or resulting interference with [the prisoner's] right to counsel or to access to the courts, does not give rise to a constitutional violation." *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *see also Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983). Accordingly, Plaintiff's complaint will be dismissed on this ground, as well.

## Conclusion

For reasons set forth above, **IT IS ORDERED** that Defendants' motion to dismiss (Pleading No. 13) is **GRANTED**. A judgment dismissing this action with prejudice will be entered contemporaneously with this Memorandum Opinion and Order.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: November 20, 2007